# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DOUGLAS TARON EDWARDS,**
**D.O.C. # 102348,**

    **Plaintiff,**

vs.                                                Case No. 4:18cv555-WS/CAS

**JULIE L. JONES, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has filed a motion requesting leave to proceed in forma pauperis, ECF No. 2, and a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Both the complaint and in forma pauperis motion have been reviewed pursuant to 28 U.S.C. § 1915A.

    Plaintiff's complaint does not list all cases previously filed, but he does state that he is unable to do so because he does not have "access to his property." *Id.* at 7. At any rate, Plaintiff acknowledges that he previously had a case dismissed "under the 3 strikes provision of the PLRA." *Id.* at 6. Judicial notice is taken that Plaintiff has had three cases

dismissed for failure to state a claim: case number 3:15cv116-LC-EMT, case number 3:98cv293-RH, and case number 1:12cv20799. Thus, despite not listing all prior cases, Plaintiff has appropriately, and correctly, advised that he is subject to the "three strikes" provision of 28 U.S.C. § 1915(g).

Under that provision, a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding [IFP under § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (quoted in Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018)). Accordingly, the complaint has been reviewed to determine if Plaintiff has sufficiently alleged that he is currently under imminent danger of serious physical injury, as opposed to having faced such a danger in the past, to be granted in forma pauperis status. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (stating "a prisoner's allegation that he faced imminent danger sometime in

Page 3 of 6

the past is an insufficient basis to allow him to proceed [IFP] pursuant to the imminent danger exception to the statute."); Smith, 741 F. App'x at 686.

Primarily, Plaintiff's complaint concerns events which transpired at Mayo Correctional Institution during June 2018. ECF No. 1 at 7-9. Plaintiff was transferred to Walton Correctional Institution on an unknown date, *id.* at 9, apparently sometime thereafter. Therefore, Plaintiff does not face imminent danger from any official at Mayo Correctional Institution.[1]

As for his claim against officials at Walton C.I., Plaintiff alleged that he has been repeatedly denied access to the courts, ECF No. 1 at 9, but he does not allege specific facts which demonstrate he faces imminent danger of serious physical harm. Instead, Plaintiff makes vague and conclusory assertions that he "has reason to believe based upon his experiences & recent incidents that he will soon be harmed." *Id.* at 10. He said the he was "told in confidence that things were being (set up) so staff could physically harm him & possibly have other prisoners to stab or beat

---

[1] An additional problem with Plaintiff's complaint is that he lists 24 Defendants who were employed at various locations, but Plaintiff only listed the Department of Corrections' central office address. ECF No. 1 at 2-4. That is incorrect as service could not be directed for those Defendants at that address.

Case No. 4:18cv555-WS/CAS

him to let him know who runs this shit." *Id.* He contends there is an "ongoing policy, practice or custom of routinely placing prisoners on strip status, physically beating prisoners using unjustified excessive use of force or otherwise simply beating prisoners." *Id.* Those assertions are far too general to demonstrate that Plaintiff is in danger of physical harm.

The only facts Plaintiff alleged with any specificity were that he was "gassed" and put on "strip status on November 13, 2018." ECF No. 1 at 11. He said that Captains Henley and May used chemical agents on him, and it is unclear from Plaintiff's complaint whether he was issued one or two disciplinary reports, but Plaintiff indicates that the paperwork for at least one report "has disappeared." *Id.* Thus, Plaintiff has alleged that he was subject to chemical agents in the recent past at Walton C.I., but he has not alleged facts which demonstrate that he faces future harm or physical abuse. Plaintiff's complaint is premised on past injury at his current institution and, moreover, considering the events transpired in mid-November, it is not possible that Plaintiff could have exhausted administrative remedies by the time the complaint was mailed on November 26, 2018, to this Court.

Case No. 4:18cv555-WS/CAS

For a prisoner to demonstrate that he comes within the imminent danger exception of § 1915(g), he must provide "specific" facts which show that at the time his complaint was filed, he is in danger of serious injury, and that such injury is imminent danger. Vague and conclusory allegations are insufficient. O'Connor v. Sec'y, Fla. Dep't of Corr., No. 16-16258, 2018 WL 1956198, at *2 (11th Cir. Apr. 25, 2018). Plaintiff has not provided specific facts limited to imminent danger of future harm at his current institution. His complaint concerns numerous separate claims against a multitude of Defendants who are located in at least three separate facilities (Central Office, Mayo C.I., and Walton C.I.). Those claims cannot all be combined in one case under § 1915(g).

Because Plaintiff's allegations of "imminent danger" are insufficient to meet the exception of § 1915(g), Plaintiff's motion for in forma pauperis status, ECF No. 2, should be denied and this case be summarily dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (explaining that "prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.")

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 2, be **DENIED**, this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court be directed to note the basis for dismissal on the docket.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**